UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-60884-KMM

BOYD JOHNSON,

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC., *et al.*,

    Defendants.

                                           /

**REPORT AND RECOMMENDATION**

    **THIS MATTER** is before the Court upon Defendants Publix Supermarkets, Inc., Mark R. Irby, David P. Phillips, Merriann M. Metz, and Randall T. Jones, Sr.'s (collectively, "Defendants") Motion to Dismiss Plaintiff Boyd Johnson's Verified Complaint (ECF No. 8). The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law regarding all pretrial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters. Plaintiff filed a response (ECF No. 10), to which Defendants filed a reply (ECF No. 17). Upon consideration of the Motion, Response, Reply, the record as a whole, and being otherwise duly advised in the premises, the undersigned respectfully **RECOMMENDS** that Defendants' Motion (ECF No. 8) be **GRANTED, in part**.

1

**I.  BACKGROUND**[1]

This action was filed by *pro se* Plaintiff Boyd Johnson ("Plaintiff") against Defendants Publix Supermarkets, Inc., Mark R. Irby, David P. Phillips, Merriann M. Metz, and Randall T. Jones, Sr. for Defendants' alleged unlawful discrimination against Plaintiff on the basis of race, in violation of Title II of the Civil Rights Act of 1964, as amended ("Title II"), the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 *et seq.* ("FCRA"), and the Palm Beach County Municipal Code.

As stated in the Complaint (ECF No. 1-2), on or about April 23, 2020, Plaintiff, who is Black, entered a Publix supermarket located in Boca Raton, Florida (the "Publix Supermarket"). As a patron of the Publix Supermarket, Plaintiff intended to purchase a cinnamon bun. (*Id.* at ¶ 14). At some point while Plaintiff was shopping, an employee of the Publix Supermarket approached Plaintiff and informed Plaintiff that he would not receive service if he was not wearing a face mask. (*Id.* at ¶ 16). Plaintiff indicated to the employee that other patrons in the Publix Supermarket were not wearing masks, including a white individual. Plaintiff was later denied service by employees of the Publix Supermarket for not wearing a mask. (*Id.* at ¶ 20). Plaintiff then left the store and waited near the entrance and exit of the Publix Supermarket to observe if service was provided to white patrons that were shopping without face masks. Plaintiff noticed that the white patrons without masks were provided service. (*Id.* at ¶ 21). Plaintiff claims that the Publix Supermarket discriminated against him on the basis of his race. (*Id.* at ¶ 36).

---

[1]  The following background facts are taken from the Complaint filed in Florida state court (ECF No. 1-2). The Complaint consists of three counts: the Palm Beach County Municipal Code violation (Count I); FCRA violation (Count III); and Title II violation (Count IV). However, the Complaint omits a Count II. For purposes of this Report and Recommendation, the Court adheres to Plaintiff's numbering of the three Counts.

On April 14, 2022, Plaintiff filed suit in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida. (ECF No. 1-2). On May 10, 2022, Defendants filed a notice of removal to this Court.

Defendants now move to dismiss the Complaint in its entirety for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8).

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the Plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

"'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting

3

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III. DISCUSSION

In the Motion, Defendants argue that dismissal of the Complaint is warranted because Plaintiff failed to exhaust his administrative remedies and, with respect to the federal claim, the time to do has passed. Defendants additionally argue that the Complaint lacks factual allegations to support a reasonable inference that the Publix Supermarket is a "place of public accommodation" within the meaning of Title II or the FCRA. (ECF No. 8 at 4). Plaintiff argues that this action is timely filed within the statute of limitations, and that the Publix Supermarket is a place of public accommodation since it sells goods to the general public. (ECF No. 10 at ¶¶ 4, 12). Defendants also argue that Title II and the FCRA's definition of a "place of public accommodation" does not include retail establishments, including the Boca Raton Publix supermarket.

For the reasons stated below, I find that Plaintiff's federal claim is due to be dismissed for failure to exhaust pre-suit administrative remedies, a deficiency that cannot now be cured, and thus, I recommend dismissal of Plaintiff's Title II claim. I further recommend that the Court decline supplemental jurisdiction over the remaining state claims, which should be remanded to the state court.

### a. Failure to Exhaust Administrative Remedies and Provide Adequate Notice

Title II of the Civil Rights Act of 1967 prohibits discrimination in places of public accommodation. *See* 42 U.S.C. § 2000a. Specifically, Section 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a).

In order to commence an action, Title II requires that the party seeking relief must satisfy the notice requirement. The notice requirement pursuant to § 2000a-3 provides, in pertinent part:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a-3(c).

Pursuant to § 2000a-3, Plaintiff is required to bring a Title II claim within thirty days of providing written notice to the appropriate state or local authority. *See Strober v. Payless Rental Car*, 701 F. App'x 911, 913 (11th Cir. 2017) (finding that plaintiff failed to state a claim under Title II because, among other reasons, plaintiff failed to exhaust her state administrative remedies).

Here, the appropriate state authority is the Florida Commission on Human Rights ("FCHR"). "The Florida Civil Rights Act prohibits an individual from being denied access to places of public accommodation based on race, and the Florida Commission on Human Relations is charged with investigating complaints made pursuant to the Florida Civil Rights Act." *Id.* at

913 n.3 (citing Fla. Stat. §§ 760.03, 760.06, 760.08, 760.11). The FCHR requires notice of any claim of unlawful discrimination be submitted within 365 days of the alleged discrimination.

In the Reply, Defendants argued that the timeliness issue is not centered on the passage of a statute of limitations; rather, Defendants' argument is premised upon Plaintiff failing to provide written notice to the FCHR within the appropriate time period; thus, Plaintiff did not exhaust the administrative prerequisites to filing the Complaint under Title II, the FCRA, and the Palm Beach County Municipal Code.

Upon review, the Complaint contains no allegations that Plaintiff provided written notice of his claim to the FCHR. *See generally* (ECF No. 1-2). As Defendants note, the Complaint references a pre-suit demand letter sent to Defendant Publix Supermarkets, Inc.; Plaintiff alleges that he attached to the demand letter "a Florida Commission on Human Relations Public Accommodation Complaints." (*Id.* ¶ 23). The demand letter in turn warns Defendant Publix that "we are prepared to file the attached FCHR Charge of Discrimination." (*Id.* at 21). There is, however, no allegation or indication that he in fact pursued any administrative remedies.

In his Response, Plaintiff fails to address this deficiency with any factual allegations that would support a reasonable inference that he provided adequate written notice, only arguing that he filed the Complaint "within the statute of limitations." (ECF No. 10 at 2 ¶ 4). Plaintiff contends that the statute of limitations for discrimination cases is two years; it is unclear what the legal basis is for this contention.[2] Even assuming Plaintiff's argument that he filed within the applicable statute of limitations is true, it has no bearing on the deficiencies that Defendants argue are at issue here—exhausting all administrative remedies and providing notice. (ECF No. 17 at 2). Plaintiff

---

[2] Section 2000a only provides equitable relief, thus, "courts have found that no statute of limitations applies to § 2000a claims." *Jackson v. Waffle House, Inc.*, 413 F. Supp. 2d 1338, 1362 (N.D. Ga. 2006) (citation omitted).

does not proffer any factual allegations to support the claim that he timely provided notice to the FCHR or Palm Beach County.

Because Plaintiff provided no notice to the FCHR prior to commencing this action, his failure to exhaust remedies requires dismissal of his claim. *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1360 (S.D. Fla. 2001). Moreover, it is now too late to provide such notice. In *Peters v. Cheval Golf & Athletic Club, LLC*, No. 8:20-CV-2080-KKM-AAS, 2022 WL 88197, at *3 (M.D. Fla. Jan. 7, 2022), the plaintiff filed a suit claiming that the defendant committed racial discrimination in violation of Title II of the Civil Rights Act, among other claims. The defendant moved for summary judgment, and the district court, treating the motion as a motion to dismiss, granted summary judgment on the Title II claim and held that allowing the plaintiff to provide post-suit notice is not relevant to satisfying § 2000a-3(c)'s pre-suit notice requirement. *Id.* at 5. The district court further found "where a plaintiff purported to cure his failure to take required actions before a case may be 'brought,' the Eleventh Circuit held that he could not 'cure the exhaustion defect' and affirmed dismissal." *Id.* (citing *Smith v. Terry*, 491 F. App'x 81, 83–84 (11th Cir. 2012)).

Similar to the plaintiff in *Peters*, Plaintiff here failed to provide the required notice in accordance with § 2000a-3(c), which, alone, is grounds for dismissal of this claim. Generally, the courts must give a pro se plaintiff at least one opportunity to amend the complaint before dismissal. *Watkins v. Sullivan*, No. 21-12396, 2022 WL 10792955, at *2 (11th Cir. Oct. 19, 2022). "Although a district court 'should freely give leave [to amend] when justice so requires,' Fed. R. Civ. P. 15(a)(2), it may deny leave, sua sponte or on motion, if amendment would be futile." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). "A district court may find futility if a prerequisite to relief 'is belied by the facts alleged in [the] complaint.'" *Id.* (quoting *Surtain*

*v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015)). Here, Plaintiff cannot allege a cognizable claim under Title II without alleging that he exhausted all administrative remedies and provided adequate pre-suit notice in accordance with § 2000a-3(c). Leave to amend is futile because the amended complaint would still be subject to dismissal. *See generally Zinman v. L.A. Fitness Int'l LLC*, 21-CV-20315, 2021 WL 2530271, at *8 (S.D. Fla. June 21, 2021), aff'd in part, appeal dismissed in part, 21-12385, 2022 WL 8019384 (11th Cir. Oct. 14, 2022) (granting motion to dismiss Title II claim for, among other deficiencies, failure to exhaust and finding amendment would be futile). Accordingly, I recommend dismissal of Plaintiff's Title II claim with prejudice.

### b. Plaintiff's Claims for Violations Under the FCRA and Palm Beach County Municipal Code

Defendants also move to dismiss Counts I and III, which allege violations of the FCRA and Palm Beach County Municipal Code, on the basis that they are untimely and that the Publix Supermarket is not a place of public accommodation as defined in the FCRA and Palm Beach County Municipal Code. These claims arise under the Court's supplemental jurisdiction.

A district court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Eleventh Circuit encourages district courts to dismiss any remaining state claims when the federal claims are dismissed prior to

trial. *See, e.g., Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). Dismissal of state-law claims should usually be done without prejudice so that plaintiff may seek relief in state court. *See Vibe Micro, Inc.*, 878 F.3d at 1296 (citing *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999)).

Notwithstanding the Parties' arguments regarding Counts I and III, the District Court should decline to exercise supplemental jurisdiction over these claims because no federal law claims remain—removal of this case to this Court was predicated on federal question jurisdiction over Plaintiff's Title II claim, which should be dismissed with prejudice.

Accordingly, I recommend dismissing Plaintiff's Title II claim (Count IV), and I recommend that the District Court decline to exercise supplemental jurisdiction over the remaining state claims (Counts I and III) and remand this case to state court.

## IV.    RECOMMENDATION

For the aforementioned reasons, I **RECOMMEND** that Defendants' Motion to Dismiss (ECF No. 8) be **GRANTED, in part**.

It is **FURTHER RECOMMENDED** that:

1. Count IV (Title II) of the Complaint be **DISMISSED** with prejudice.
2. The District Court decline to exercise supplemental jurisdiction over the remaining state claims, including Counts I (Palm Beach County Municipal Code) and III (FCRA), and that this case be **REMANDED** to state court.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 27th day of December, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of record